## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Christian

v.

Hautz et al.


Daniel L. Christian

v.

Hautz et al.

November 27, 1972

Cases No. (Law) 7389, 7390

By JUDGE JOHN P. HARPER

On August 6, 1970, plaintiffs (husband and wife) each brought suit for alleged injuries and damages arising from an auto collision with Hautz on August 14, 1968, naming Hautz and Budget Rent-A-Car of Norfolk, Inc. (Company) as defendants.

Company was duly served with process on August 6, 1970, and in due course it appeared and answered, in its own behalf only, specifically denying plaintiffs' allegations that Hautz was its agent or employee and that the vehicle operated by Hautz was under its "control, supervision and direction."

Process against Hautz was duly filed on August 10, 1970, with the return that Hautz "could NOT BE FOUND in the City of Norfolk, State of Virginia." Beneath the return is the inscription, in what appears to be the same handwriting as the return, "Notified. Mrs. Bailey."

Thereafter, counsel for plaintiffs and for Company engaged in various communications, negotiations, discovery proceedings and the usual pretrial activities. It appears

from the statements of counsel that in the course of arranging depositions of certain witnesses in California during the summer of 1972, it was brought to the attention of counsel for plaintiffs that Hautz had never been served.

Alias process was then requested and issued on August 2, 1972, and duly served upon Hautz at his office in the City of Norfolk on August 3, 1972.

On August 17, 1972, Hautz filed a Motion to Quash Process and also a Motion to Dismiss predicated upon Rule 3:3, Rules of the Supreme Court of Virginia.[1] The Motion to Dismiss also pleaded the statute of limitations, Section 8-24, Code of Virginia, and the doctrine of laches. No other appearance or responsive pleading has been filed by Hautz.

The portion of Rule 3:3 relied upon by Hautz is its last paragraph:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

From evidence heard *ore tenus* and the stipulations and concessions of counsel in argument of these motions on September 14, 1972, it appears undisputed that at all times material to this inquiry, to-wit from August, 1968, to date, Hautz has been a permanent resident of the Tidewater Virginia area, first residing at 1005 Woodrow Street in the City of Norfolk, his address as stated in the motion for judgment and the original process. Thereafter, he removed to Virginia Beach and resided for a time at The Virginia House after which he returned to Norfolk and resided in The Hague Towers. Each of these are prominent apartment houses and well known in the community.

It further appears that throughout the period in question he had the same office address, at which he was eventually served on August 3, 1972.

During the period his name and address were listed in the telephone directory and the local city directory

---

[1] References herein are to the current Rules. The same provisions were previously in effect under different numbers.

as any other resident, subject to temporary inaccuracies resulting from his changes of residence. There is no suggestion that he absconded or evaded service of process.

With regard to the notation following the return, to-wit "Notified. Mrs. Bailey," counsel for plaintiffs candidly admits having a Mrs. Bailey in his employ throughout the period in question, but states that she denies receiving any call or notice that Hautz had not been served in August, 1970. She did not testify, but her testimony would not be controlling or persuasive for reasons stated below. Nor would the notation, it not being a part of the official return.

Rule 3:3 provides that the filing of a motion for judgment in the Clerk's Office commences and institutes an action, which thereupon becomes pending. This procedure tolls the running of the statute of limitations and the parties thereby become adversaries. Thereupon, the last paragraph of Rule 3:3 comes into play. Not only is plaintiff allowed the statutory period of time to file his action before being cut off by the appropriate statute of limitation, but he is accorded an additional period of one year after the action is filed in which to effect service of process upon the defendant. And even that year may be extended if the court "finds as a fact that the plaintiff exercised due diligence to have timely service on him."

Applying these limitations to the instant case, it becomes apparent that these actions were timely filed and are not barred by the statute of limitations. Likewise, the plea of laches may be disregarded as inappropriate.

The real issue then presents itself. Is there evidence upon which the court can find as a fact that plaintiff exercised due diligence to serve defendant who was not served within one year after the actions were filed?

Rule 3:4 requires the officer to make service within five days and to make his return within five additional days thereafter, which was done in these cases. Counsel cite no authorities, and the court has found none, requiring the officer to make any report other than his official return, although it is recognized that local sheriffs, as a courtesy to counsel, usually do notify counsel when they are unable to effect service. Whether that was done in these cases is not established, neither the sheriff

(nor his deputy making the return) nor Mrs. Bailey being called to testify.

Counsel for plaintiffs urges with great vigor that receiving no report of the lack of service he was "lulled into a false sense of security," and should not be expected to make any effort to obtain service when he was unaware of the fact that Hautz had not been served. That is to say, that the due diligence contemplated by Rule 3:3 is a relative matter that is invoked only when the deficiency is brought to the attention of counsel. But Rule 3:5 requires a defendant to respond within twenty-one days after service on him, or suffer default, and the lack of response in this instance amounted to constructive notice, at the least, and should have alerted counsel.

Counsel for plaintiffs also cites Rule 1:9 granting the court broad discretion in reviewing and correcting procedures in the Clerk's Office and in extending the time for filing pleadings, obviously to prevent injustice to parties currently before the court, but this rule cannot be construed or enlarged to negate the clear mandate of Rule 3:3.

Counsel also argues that the Rules ought to be liberally construed to promote justice rather than to work injustice, and that Hautz stands to suffer no great hardship by the passage of time, but that plaintiffs will be forever foreclosed of their day in court by a ruling in favor of Hautz. Great weight must be given the relative equities of the parties, but sympathy cannot be the basis of decision.

In these cases, it is beyond dispute that no action whatsoever was taken on behalf of plaintiffs with regard to Hautz from the time the suits were filed on August 6, 1970, until alias process was requested on August 2, 1972, a period just short of two years. As no action was taken, there is none to support a finding of due diligence as a fact, which Rule 3:3 requires.

In these cases service of process on Hautz is jurisdictional and as it was not timely served, and as the court cannot and does not find as a fact that due diligence was exercised to have timely service on him, the Motion to Dismiss will be granted.

The Motion to Quash Process will be denied because it was duly issued and served, albeit not by timely service.